**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JAMES A. DEATON, | : | Case No. 3:22-cv-112 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| WARDEN, MADISON CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

---

## REPORT AND RECOMMENDATION

---

Petitioner, an inmate in state custody at the Madison Correctional Institution, has filed, through counsel, a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his convictions in Montgomery County Case No. 2016-CR-66 A/B for one count of felonious assault with a deadly weapon with a firearm specification, one count of discharging a firearm on or near a prohibited premises with a firearm specification, one count of domestic violence, one count of abduction with a firearm specification, and one count of having weapons while under disability. (Doc. 1, at PageID 2).[1]  This matter is now before the Court on the petition (Doc. 1) and Respondent's motion to dismiss the petition.  (Doc. 8).  Petitioner has filed a response in opposition to Respondent's motion to dismiss.  (Doc. 11).  Respondent did not file a reply in support of the motion to dismiss, making the motion to dismiss ready for ruling.

For the reasons that follow, it is recommended that the motion to dismiss (Doc. 8) be **GRANTED** and that the petition (Doc. 1) be **DISMISSED** with prejudice.

---

[1] Although the petition indicates that Petitioner was convicted of two counts of having weapons while under disability (*see* Doc. 1, at PageID 2), it appears from the record before the Court that he was actually convicted of one count of having weapons under disability.  (*See* Doc. 7, Ex. 6).

## I.     PROCEDURAL HISTORY

### State Convictions and Sentence

On January 14, 2016, the Montgomery County, Ohio, grand jury returned a four-count indictment charging Petitioner with one count of felonious assault with a deadly weapon, in violation of Ohio Rev. Code § 2903.11(A)(2), with a firearm specification (Count One); one count of discharging a firearm on or near a prohibited premises, in violation of Ohio Rev. Code § 2923.162(A)(3)(C)(2), with a firearm specification (Count Two); one count of domestic violence, in violation of Ohio Rev. Code § 2919.25(A) (Count Three); and one count of abduction, in violation of Ohio Rev. Code § 2905.02(A)(2), with a firearm specification (Count Four).  (Doc. 7, Ex. 1).  Petitioner was later re-indicted on January 25, 2016, for an additional count of having weapons while under disability, in violation of Ohio Rev. Code §  2923.13(A)(3).  (Doc. 7, Ex. 2). Petitioner pleaded not-guilty to all charges and waived a jury trial on the weapons-under-disability charge.  (Doc. 7, Exs. 3, 4).  On May 18, 2006, a jury found Petitioner guilty of Counts One through Four.  (Doc. 7, Ex. 5).  On May 18, 2006, the trial court also found Petitioner guilty of having weapons while under disability.  (Doc. 7, Ex. 6).  Petitioner was sentenced to a total aggregate prison sentence of fifteen years in the Ohio Department of Corrections.  (Doc. 7, Exs. 7, 8).

### Direct Criminal Appeal

Petitioner filed an appeal, through new counsel, to the Ohio Court of Appeals on July 13, 2016.  (Doc. 7, Exs. 10, 11).  On August 4, 2017, the Ohio Court of Appeals affirmed the trial court's judgment.  (Doc. 7, Ex. 14).  Petitioner did not appeal to the Ohio Supreme Court.

**Post-Conviction Proceedings**

On December 15, 2017, Petitioner filed a *pro se* petition for post-conviction relief under Ohio Rev. Code § 2953.21, arguing ineffective assistance of trial counsel and purporting to have new evidence in the form of expert affidavits and medical records establishing that the shooting was accidental.  (Doc. 7, Ex. 16).  At the same time, he filed motions for appointment of counsel and for expert assistance.  (Doc. 7, Ex. 15).  Petitioner later sought to amend his petition for post-conviction relief with additional argument.  (Doc. 7, Exs. 18, 19).  Petitioner again moved for appointment of counsel on April 12, 2018, and in the same motion sought a hearing on his motion. (Doc. 7, Ex. 20).

On April 26, 2018, the post-conviction court denied Petitioner's motions for leave to amend, to appoint counsel, and for a hearing.  (Doc. 7, Ex. 23).  On August 16, 2018, the post-conviction court denied Petitioner's post-conviction petition, finding that it was untimely and barred by *res judicata*.  (Doc. 7, Ex. 24).  On May 31, 2019, the Ohio Court of Appeals reversed and remanded Petitioner's motion to vacate to the post-conviction court, finding that it was timely and not barred by res judicata because it relied on evidence outside the record.  (Doc. 7, Ex. 29).

On remand, the post-conviction court denied the motion after a hearing, at which Petitioner was represented by counsel.  (Doc. 7, Ex. 35).  Petitioner, through counsel, appealed.  (Doc. 7, Ex. 36).  The Ohio Court of Appeals affirmed the post-conviction court's judgment on December 30, 2020, finding, in relevant part, that "the trial court did not abuse its discretion in finding that the ineffective assistance of counsel claim raised in [Petitioner's] petition for post-conviction relief lacked merit."  (Doc. 7, Ex. 40, at PageID 723).  On April 27, 2021, the Ohio Supreme Court declined further review.  (Doc. 7, Ex. 44).

3

## II.    FEDERAL HABEAS PROCEEDINGS

Petitioner, through different counsel, filed the instant habeas petition on April 27, 2022, raising the following single ground for relief:

> **GROUND ONE:**  Ineffective assistance of counsel.
>
> **Supporting Facts**:  There was a material conflict between the testimony of Petitioner and victim in the case as to Petitioner's location when the firearm discharged.  Trial counsel should have obtained a firearms and ballistics expert to investigate the matter and testify in Petitioner's defense.  Trial counsel also should have introduced medical records in support of Petitioner's defense.  Trial counsel's failure to do so amounted to ineffective assistance of counsel.

(Doc. 1, at PageID 6).

## III.    THE PETITION (DOC. 1) IS TIME-BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral

review.

### A.    28 U.S.C. § 2244(d)(1)(A)

Under § 2244(d)(1)(A), Petitioner's convictions became final on September 18, 2017, upon expiration of the forty-five day period for seeking review of his direct appeal in the Ohio Supreme Court.  Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i).  The statute commenced running on September 19, 2017, the next business day after Petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on September 18, 2018, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, Petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).  "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run."  *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar.  *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not

subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5–6 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005)); *Vroman,* 346 F.3d at 603.

Here, Petitioner's December 15, 2017 post-conviction action (Doc. 7, Ex. 16), filed 88 days after the statute of limitations began running, tolled the limitations period. The limitations period remained tolled until the Ohio Supreme Court declined to accept jurisdiction on April 27, 2021. (Doc. 7, Ex. 44). The limitations period began running again the next day and expired 277 days later on January 29, 2022, approximately three months before Petitioner filed the instant habeas corpus petition.

## B.     28 U.S.C. § 2244(d)(1)(D)

Still, Petitioner argues that his petition is timely under § 2244(d)(1)(D) because he was unaware of the factual predicate for his claim until December 14, 2017, when he received an affidavit from a ballistics expert, John Nixon, supporting Petitioner's accidental-discharge theory of the case. (Doc. 11, PageID 801).[2] Relying on that affidavit, Petitioner asserts that the facts supporting his ineffective-assistance-of-counsel claim could not have been discovered through the exercise of due diligence before his convictions became final. *See* 28 U.S.C. § 2244(d)(1)(D).[3]

---

[2] It appears that Petitioner also received an affidavit from another expert, George C. Kidd, on December 14, 2017, in support of his accident-discharge theory. (Doc. 7, Ex. 16, at PageID 364–65). Petitioner, however, does not refer to that affidavit in his opposition to respondent's motion to dismiss and the Court does not consider it in resolving this motion.

[3] Petitioner asserts that under § 2244(d)(1)(D) "AEDPA's 1-year period of limitation did not begin to run until December 14, 2017 (*i.e.*, the date that Deaton received Nixon's affidavit)" and that Petitioner's "timely post conviction action [filed on December 15, 2017] tolled his AEDPA time until the Ohio Supreme Court declined to accept jurisdiction on April 27, 2021." (Doc. 11, at PageID 801–02 (internal quotation marks omitted) (alteration in original)). Petitioner further asserts that his habeas corpus petition was filed within one year from the date that the Ohio Supreme Court declined further review of his post-conviction appeal on April 27, 2021. (*Id.*). Arguably, under petitioner's calculations, his habeas corpus petition was filed one-day late, as the statute would have run for one day before being tolled by his post-conviction motion. (*See* Doc. 11, at PageID 802). Petitioner's argument, however, does not account for Fed. R. Civ. P. 6(a), providing that "[w]hen the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period." In any event, the Court need not determine whether under Petitioner's argument the statute of limitations would have begun running on December 14 or December 15, 2017 because for the reasons stated herein he is not entitled to a delayed start of the limitations period under § 2244(d)(1)(D).

In the context of claims of ineffective assistance of counsel,

> when calculating the statute of limitations under § 2244(d)(1)(D), the time begins "when the prisoner learned facts that supported a good faith basis for arguing prejudice arising from ineffective assistance of counsel, not when the prisoner understood the legal significance of the facts known to him."  *Gorospe* [*v. Smith*, No. 5:10CV0839], 2011 WL 4431091 at *6 [N.D. Ohio, Sept. 22, 2011] (citing *Hasan v. Galaza,* 254 F.3d 1150 (9th Cir. 2001).).

*Perry v. Wainwright*, No. 1:17CV673, 2018 WL 6181691, at *10 (N.D. Ohio Sept. 5, 2018), *report and recommendation adopted*, No. 1:17-CV-673, 2018 WL 6179499 (N.D. Ohio Nov. 27, 2018).

As set forth above, Petitioner's sole ground for relief asserts that trial counsel performed ineffectively by not obtaining a firearms and ballistics expert to investigate and testify at trial and by not introducing medical records in support of his defense.  (Doc. 1, at PageID 6).[4]  Because this claim involves trial counsel's performance before and during trial, Petitioner would have been aware of counsel's alleged deficiencies at the time of trial.  *See, e.g., Larson v. Yates*, No. CIV S-08-1884 EFB P, 2009 WL 4282050, at *5 (E.D. Cal. Nov. 24, 2009) (finding that where the Petitioner alleged, *inter alia*, that trial counsel was ineffective for failing to call a ballistics expert, the "claims concern[ed] alleged error[s] at trial that were (or should have been) apparent at that time.").

Even assuming, *arguendo,* that Petitioner was not—or could not have been—aware of counsel's alleged ineffectiveness at the time of trial, Petitioner avers that between August 4, 2017, when the Ohio Court of Appeals affirmed his convictions on direct appeal (Doc. 7, Ex. 14), and

---

[4]  Petitioner provides no basis for the Court to find that he is entitled to a delayed accrual of the limitations period under § 2244(d)(1)(D) as to his claim that trial counsel performed ineffectively by failing to introduce medical records in support of his defense.  Indeed, given that petitioner attaches a March 31, 2016, medical record to his post-conviction Motion for Expert Assistance (*see* Doc. 7, Ex. 15, at PageID 353–54), the Court is not convinced that he could advance any argument that he would not have been aware of the factual predicate for that claim as of the time of trial.

September 18, 2017, when his convictions became final for AEDPA's purposes (*see* discussion *supra*), he spoke to four different attorneys who recommended that he not seek direct review of his convictions in the Ohio Supreme Court but instead pursue post-conviction relief.  (Doc. 11-1, at PageID 809–10).  Notably, on September 6, 2017, one of the four attorneys also recommended that Petitioner speak to a ballistics expert and gave Petitioner Nixon's name.  (*See id.*).  Based on Petitioner's own averments, the Undersigned finds that Petitioner would have had a good-faith basis to argue prejudice from trial counsel's alleged failure to call a firearms and ballistics expert at the latest by September 6, 2017.  *See Stokes v. Leonard*, 36 F. App'x 801, 805 & n.4 (6th Cir. 2002) (rejecting the petitioner's argument that "because he needed an expert to determine whether he needed an expert, he could not have discovered that he needed an expert until he had an expert" and noting "[o]ne might ask how [the petitioner] came to inquire of [the expert] in the first place unless [the petitioner] had some knowledge of the factual predicate for this claim prior to his obtaining [the expert's] affidavit.").

In arguing that he did not learn of the basis for his ineffective-assistance-of-counsel claim until he received Nixon's affidavit on December 14, 2017 (*see* Doc. 11, at PageID 801), Petitioner conflates learning of the facts necessary to make a good faith argument of prejudice, with learning the legal significance of the facts.  *See, e.g., Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998) ("[Petitioner] is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim."); *Danko v. Stephens*, No. 3:15-CV-2683-L-BK, 2016 WL 791496, at *2 (N.D. Tex. Jan. 20, 2016), *report and recommendation adopted*, No. 3:15-CV-2683-L, 2016 WL 775850 (N.D. Tex. Feb. 29, 2016) (rejecting petitioner's argument that receipt of expert's ballistics report delayed the start of AEDPA's limitations period);

*Duncan v. Ryan*, No. CV118067PCTJATJFM, 2015 WL 13735818, at *41 (D. Ariz. Aug. 7, 2015), *report and recommendation adopted*, No. CV-11-08067-PCT-JAT, 2016 WL 316882 (D. Ariz. Jan. 27, 2016) ("To the extent that Petitioner might simply assert that he was unaware of the legal significance of those facts, *e.g.* that he had a right to obtain an evaluation or that the facts might have provided a defense at trial, and thus counsel was ineffective for failing to pursue such matters, then Petitioner was not delayed from a lack of facts, but a lack of knowledge of their legal significance," which "does not justify a delayed commencement under 28 U.S.C. § 2244(d)(1)(D)."). [5]

Accordingly, Petitioner has not shown that the facts supporting his ineffective-assistance-of-counsel claim could not have been discovered through the exercise of due diligence before his convictions became final. Petitioner is thus not entitled to the benefit of a later commencement of the statute of limitations under § 2241(d)(1)(D) and his habeas petition should be dismissed as untimely absent a basis for equitable tolling.

## C.    *Equitable Tolling*

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is

---

[5] Petitioner also avers that another attorney he spoke with in October and November 2017 initially showed interest in taking his case but ultimately declined stating, *inter alia*, that "there were no other avenues to pursue by way of post-conviction litigation." (Doc. 11-1, at PageID 811). Petitioner does not assert that he understood this attorney's refusal to take his case to mean that he lacked a good faith basis to challenge the performance of his trial counsel. In any event, this attorney's reluctance was apparently expressed to petitioner after his convictions had become final and, thus, after the statute of limitations had already begun to run.

entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418.  Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply.  *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)).  "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling.  The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether a petitioner was diligent in pursuing federal habeas relief.  Here, Petitioner argues that he was diligent pursuing relief in the state post-conviction court.  (*See* Doc. 11, at PageID 804–05).  Petitioner, however, waited one year from the Ohio Supreme Court's April 27, 2021 denial of discretionary review to file his habeas petition.  *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 936 (S.D. Ohio 2007) (finding equitable tolling inappropriate where petitioner failed to explain an eleven month delay following the denial of his delayed appeal).  Petitioner has not argued that he was prevented from filing a habeas petition during this time nor has he informed the Court of any extraordinary circumstance that explains his delay in doing so.  Therefore, petitioner has failed to demonstrate that he was diligent in pursuing his rights and is not entitled to equitable tolling.

Petitioner also has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case. Petitioner purports to present "new" evidence consisting of Nixon's affidavit. (*See* Doc. 11, at PageID 805–06). Nixon's affidavit, however, is based on evidence that was available to petitioner at trial. It does not constitute new evidence sufficient to show actual innocence. *See, e.g., Martinez High v. Turpin*, 14 F. Supp. 2d 1358, 1373 (S.D. Ga. 1998), *aff'd sub nom. High v. Head*, 209 F.3d 1257 (11th Cir. 2000) ("Indeed, this argument essentially puts forth an insanity defense years after [the petitioner's] trial. [The petitioner's] proffered expert testimony, based upon a fifteen-year-old film and [petitioner's] personal history that has been available all along, is insufficient to make a colorable showing of actual innocence.") (footnote omitted). Moreover, a "garden variety claim of excusable neglect," including a simple miscalculation of the limitations period, does not warrant equitable tolling. *Holland*, 560 U.S. at 651.

Petitioner has failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Consequently, the Undersigned concludes that Petitioner's federal habeas corpus petition is time-barred. Therefore, the motion to dismiss (Doc. 8) should be **GRANTED** and the petition for a writ of habeas corpus (Doc. 1) should be **DISMISSED** with prejudice.

11

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED** and Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should **ISSUE** with respect to the limited issue of whether Petitioner's petition is time-barred. *See, e.g., Flanagan*, 154 F.3d at 197. Under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would "find it debatable whether this Court is correct in its procedural ruling" and whether the otherwise barred ground for relief states a "viable claim of the denial of a constitutional right" or is "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore **GRANT** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## <u>PROCEDURE ON OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date:   January 25, 2023                          /s/ Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE